IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| JOE A. STOKES,  #286143, ) | |
| ) | |
| Petitioner, ) | Civil Action No.  3:10-3213-MBS -JRM |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| LEROY CARTLEDGE, WARDEN, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Petitioner, Joe Antwan Stokes ("Stokes"), is an inmate with the South Carolina Department of Corrections serving a sentence of twenty-five (25) years for trafficking in more than 200 grams of cocaine. He filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on December 20, 2010. Respondent filed a return and motion for summary judgment on May 16, 2011. Because Stokes is proceeding *pro se*, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was issued on May 17, 2011 explaining to him his responsibility to respond to the motion for summary judgment. Stokes filed his response to Respondent's motion on July 5, 2011.

**Background and Procedural History**

In the early morning hours of October 7, 2000, a vehicle occupied by Stokes and Thurmond Seaward ("Seaward") was stopped for speeding in Greenville County.  Seaward had been driving, but he and Stokes changed seats during the stop.  Stokes and Seaward were removed from the vehicle.  Eventually a torn bag containing 236 grams of cocaine was found under the vehicle near Stokes.  He had white powder residue on his hands. A videotape of the stop and arrests was presented

at Stokes' trial. He was found guilty on July 18, 2002. Stokes was represented by Bill Godfrey, Esquire.

An Anders[1] brief was filed on Stokes' behalf by the South Carolina Office of Appellate Defense raising the following issue:

> The lower court erred in not declaring a mistrial based on the solicitor's inflammatory and prejudicial closing remark regarding drugs in our neighborhoods.

Pursuant to state procedure, Stokes filed a *pro se* brief raising additional issues:

1. The trial court erred in admitting into evidence oral statements made by Stokes while he was being transported.

2. Counsel failed to challenge a prospective juror for cause.

3. Counsel failed to file a suppression motion.

4. Counsel failed to properly cross-examine a witness.

5. Counsel failed to object to an improper jury argument of the prosecutor.

6. Counsel failed to object to the admission of a photograph at trial.

7. Counsel failed to require the State to prove a chain of custody for the drugs.

8. Counsel failed to object to the Solicitor's statement about a "drug box" in the vehicle which belonged to Stokes.

The appeal was dismissed by the South Carolina Court of Appeals. *See* State v. Stokes, Unpubl.Op.No. 2003-UP-694 (S.C.Ct.App. filed December 2, 2003). Stokes filed a *pro se* petition for a rehearing. On January 22, 2004, the Court of Appeals denied Stokes' petition, but withdrew the previous opinion and substituted a new opinion. Stokes did not seek further review. The Remittitur was returned by the Court of Appeals on March 1, 2004.

---

[1] Anders v. California, 386 U.S. 738 (1967).

Stokes filed an application for post-conviction relief ("PCR") on April 2, 2004. An evidentiary hearing was held on April 5, 2005. Stokes was represented by Maurice McNab, Esquire. The PCR court issued an order of dismissal on May 17, 2005.

A <u>Johnson</u>[2] petition for writ of certiorari was filed by the South Carolina Office of Appellate Defense raising the following issue:

> Whether there was any evidence to support the PCR judge's findings that defense counsel was not ineffective?

Stokes filed a *pro se* brief raising the following issue:

> Whether appellant should be given a new P.C.R. hearing where order of dismissal fails to address factually supported issue raised?

The petition for writ of certiorari was denied by the South Carolina Court of Appeals on August 8, 2007. The Remittitur was returned on August 24, 2007.

## Grounds for Relief

In his present petition, Stokes asserts he is entitled to a writ of habeas corpus on the following grounds:

I.  Ineffective Assistance of Counsel.

   1. Counsel failed to file a motion to suppress drugs with chain of custody showing co-defendant had possession and was seized from him.

   2. Counsel failed to object to state's closing argument.

   3. Counsel failed to cross-examine witnesses.

   4. Counsel failed to enter into evidence the certificate of proof of the chain of custody.

   5. Counsel failed to challenge tape on misstated facts - suppress video.

---

[2]<u>Johnson v. State</u>, 364 S.E.2d 201 (S.C. 1988).

      6.      Counsel failed to request lesser charges of criminal conspiracy and misprision of a felony.

[ He asserts in hi petition that he raised issues 1-4 in his state PCR action, but did not raise either issue concerning failed to request lesser charges or failed to suppress video of drugs being thrown under car].

II.      Clear Error of Court / Due Process / Abuse of Discretion, 14th Amendment Violation.

      1.      Trial court allowed two uncorroborated statements allegedly given by Petitioner.

      2.      Error of court allowing troopers to testify after tape of conversation was lost or destroyed.

      3.      Court failed to review due process violation concerning destruction of tape and video that could have been exculpatory.

      4.      Trial court failed to charge jury with lesser included offenses.

[ He assets that counsel failed to object and court committed plain error in failing to review issues appellate counsel failed to raise all issues on writ of certiorari].

III.      Failure to prove that "intended' to traffick cocaine beyond a reasonable doubt.

      1.      Applicant submitted to appellate court and amended PCR brief showing actual chain of custody that showed the drugs were seized by officers and initially taken from co-defendant. Tape did not show Applicant removing drugs. Facts showed that his co-defendant concealed drugs and that he was the owner by chain of custody.

[ He asserts that he raised this in PCR but appellate counsel failed to raise all available issues, failed to request remand under §17-27-80, Rule 52(a) and <u>Bryson v. State</u>. Failed to provide copy of Johnson petition so Applicant could amend all issues.] .

IV.      Failure of court to allow jury to decide the and resolve and reasonable doubt between the offenses of trafficking cocaine or the lesser included offense of criminal conspiracy or misprision of a felony. Abuse of discretion.

      1.      Judge gave the jury "charge" on Trial Transcript page 172 concerning the inference of knowing possession depending upon their view of the evidence. The court failed to charge the jury with criminal conspiracy

and misprision of a felony a lesser included offense of the same facts in evidence.

[ Claims that it was exhausted because counsel failed to object at trial and failed to request lesser included offense instructions. Court failed to correct on appeal. PCR court failed to address issue. PCR counsel failed to address issue. Appellate counsel failed to allow me to amend my writ of certiorari to bring this constitutional claim.]

V.  Due Process Violation / 14th Amendment

   1.  State failed to prove applicant intended to traffic cocaine and failed to prove elements of the offense. The Court was in error in not dismissing charges based on the fact the [state] had not made a sufficient case against defendant , citing Tr.p. 129, l. 19. On page 53, the Solicitor said the defendant throws 239 grams of cocaine underneath a car and tries to conceal it . On page 54, the Solicitor claims his case is about concealing. "It's about how he tried to hide 239 grams." Based upon this misstatement of the law, the State failed to prove its case that the defendant"intended" to traffic 239 grams of cocaine.

   State failed to prove defendant had both the power and the intent to control it's disposition or use. The state failed to prove the "proof" of possession that the defendant had dominion and control over the substance allegedly possessed or that he had a right to exercise dominion and control over it. *See* Jury Charge, p. 171-72. *See* U.S. v. Houlihan, 92 F.3d 1271, 1293-94 (1st Cir. 1996). In Re Winship, 397 U.S. 358, 364(1970).

   Petitioner requests this court to review for plain error and subject matter jurisdiction.

VI.  Error of Court.

   1.  Prosecutorial misconduct based on the Solicitor's inflammatory and prejudicial closing remark regarding drugs in our neighborhoods. At trial, the Solicitor made the following argument:

   Solicitor: Thank you, your Honor, may it please the Court . This case is about concealment, about hiding evidence. It's about how he was caught with 239 grams of cocaine. It's about how he tried to hide it, how he tried to conceal it from the police officers, how he tried to get rid of it so they wouldn't find it on him.

> Ladies and Gentleman, this is enough cocaine to flood any street in any neighborhood.
>
> Defense Counsel : Objection on improper argument during jury-
>
> Court : Sustained. No evidence.
>
> Defense Counsel: Move to strike and instruction —
>
> Court: Ladies and Gentleman, the arguments of counsel must be based on evidence that has been presented to the jury. I am asking you to disregard the argument that you just heard — instructing you to disregard that argument. You may proceed. BOA 158, l. 7. App.p. 160-161.
>
> He asserts that this comment during closing argument is prohibited . This argument was an attempt to appeal to the passions, prejudices and biases of the jurors.

VII.    4th Amendment Violation - Illegal Search and Seizure.

   1.    The Petitioner claims the defendants conducted an illegal search and seizure after the defendant was arrested and that there was no probable cause to search him because the driver had been arrested.

Petitioner brings to this claim under <u>Arizona v. Gant</u>, 129 S.Ct. 1710 (2009), Petitioner's could not bring the claim until now and requests this issue be heard as an exception to Teague and this issue to be applied retroactively.

## **Discussion**

Respondent asserts that the petition is untimely and should be dismissed pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") statute of limitations.  The AEDPA became effective on April 24, 1996.   The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts.  One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions.  Subsection (d) of the statute now reads:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The one-year statute of limitations begins to run on the date the Petitioner's conviction becomes final, not at the end of collateral review. Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000). In South Carolina, a defendant must file a notice of appeal within 10 days of his conviction. Rule 203(b)(2), SCACR. Thus if a defendant does not file a direct appeal, his conviction becomes final ten days after the adjudication of guilt. Crawley v. Catoe, 257 F.3d 395 (4th Cir. 2001). If a defendant files a direct appeal and his conviction is affirmed, the conviction becomes final 90 days after the final ruling of the South Carolina Supreme Court. Harris, 209 F.3d at 328, n. 1 (conviction become final on the expiration of the 90-day period to seek review by the United States Supreme Court).

The statute of limitations is tolled during the period that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled for the entire period of the state post-conviction process, "from initial filing to final disposition by the highest state court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." Taylor v. Lee, 196 F.3d 557, 561 (4th Cir. 1999). Following the denial of relief in the state courts in state habeas proceedings, neither the time for filing a petition for certiorari in the United States Supreme Court, nor the time a petition for certiorari is considered by the United States Supreme Court, is tolled." Crawley v. Catoe, 258 F.3d at 399. A state collateral proceeding must be "properly filed" for the statutory tolling provisions of 28 U.S.C. § 2244(d)(2) to apply. "(A)n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." Artuz v. Bennett, 531 U.S. 4, 8 (2000) (footnote omitted). "When a post-conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." Pace v. DiGulielmo, 544 U.S. 408, 414 (2005) quoting Carey v. Saffold, 536 U.S. 214, 236 (2002).

Generally, computing periods of time under 28 U.S.C. § 2244(d)(2) is pursuant to Fed. R. Civ. P. 6(a). Hernandez v. Caldwell, 225 F.3d 435, 439 (4th Cir. 2000).

The Fourth Circuit has held that the statute of limitations in § 2254 is not jurisdictional, but subject to the doctrine of equitable tolling. Equitable tolling applies only in "those rare instances where–due to circumstances external to the [Petitioner's] own conduct–it would be unconscionable to enforce the limitation against the [Petitioner]." Harris, 209 F.3d at 330. Under § 2244(d), the

State bears the burden of asserting the statute of limitations. Petitioner then bears the burden of establishing that his petition is timely or that he is entitled to the benefit of the doctrine of equitable tolling. Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002). To benefit from the doctrine of equitable tolling, a petitioner must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way" preventing him from timely filing. Pace, 544 U.S. at 418. An attorney's mistake in calculating the filing date for a habeas petition relative to the AEDPA's statute of limitations is not an extraordinary circumstance warranting equitable tolling. Lawrence v. Florida, 549 U.S. 327, 336-337 (2007) ("Attorney miscalculation [of a deadline] is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel."). *See also* Harris, 209 F.3d at 331.

The undersigned has summarized the procedural history of Stokes' case above. His conviction became final in March of 2004. A month later, Stokes filed his PCR which tolled the statute of limitations until it was ultimately resolved by the South Carolina Court of Appeals in August of 2007. The envelope in which Stokes' petition was received at this Court shows that it was delivered to the institutional mail room on December 15, 2010, over three years after the statute of limitations began to run again after the Court of Appeals returned the Remittitur following PCR appeal.

The present petition is clearly untimely. Stokes implicitly concedes this fact in his Roseboro response. He argues that he is entitled to equitable tolling because he did not receive notice from his attorney or the South Carolina courts that his PCR appeal had been denied. Stokes cites Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002). However, that case does not rest on the equitable tolling doctrine. Hill held that a District Court could not *sua sponte* dismiss a federal habeas petition for

9

untimeliness without providing notice and a chance to respond to petitioner. In the present case, Stokes received Respondent's motion, a Roseboro order, and has filed a response.

In Holland v. Florida, __U.S. __, 130 S.Ct. 2549, 2564 (2010), the Supreme Court reiterated its previous holding that equitable tolling in habeas cases is reserved for "extra-ordinary circumstances" and that "a garden variety claim of excusable neglect" was insufficient to invoke the doctrine. The Supreme Court rejected a mechanical formula employed by the lower court and remanded for further proceedings. The record in Holland showed that the Petitioner had written numerous letters to counsel and the state courts involving the status of his appeal. Such is not the case here. Stokes does not argue that he stayed in touch with his attorney or provided evidence that he contacted the state courts in the three years after his PCR appeal was concluded. Therefore, Stokes has not shown that he is entitled to equitable tolling.

Since Stokes' petition is untimely, the undersigned recommends that it be **dismissed**.

_____
Joseph R. McCrorey
United States Magistrate Judge

Columbia, South Carolina
January 6, 2012

**The parties are referred to the Notice Page attached hereto.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).