IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Joe A. Stokes,   #286143,              ) | |
|                                                         ) | C/A No. 3:10-3213-MBS |
|                           Petitioner,       ) | |
|                                                         ) | |
|         vs.                                         ) | **O R D E R** |
|                                                         ) | |
| Leroy Cartledge, Warden,               ) | |
|                                                         ) | |
|                           Respondent.   ) | |
| _____) | |

  Petitioner Joe A. Stokes is an inmate in custody of the South Carolina Department of Corrections. He currently is housed at McCormick Correctional Institution in McCormick, South Carolina. Petitioner, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on December 20, 2010, alleging that he is being held unlawfully. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Joseph R. McCrorey for pretrial handling.

  Respondent filed a motion for summary judgment on May 16, 2011. Respondent contends, among other things, that the § 2254 petition should be dismissed as untimely under 28 U.S.C. § 2244(d). By order filed May 17, 2011, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised of the summary judgment procedures and the possible consequences if he failed to respond adequately. On July 5, 2011, Petitioner filed a response in opposition to Respondent's motion.

  On January 6, 2012, the Magistrate Judge filed a Report and Recommendation in which he recommended that the § 2254 petition be dismissed as untimely. Petitioner filed no objections to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court may accept, reject, or modify, in whole or in part, the Report and Recommendation or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

The court has thoroughly reviewed the record. The court adopts the Report and Recommendation and incorporates it herein by reference. Petitioner's § 2254 petition for writ of habeas corpus is dismissed as untimely.

CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir.2001). The court concludes that Petitioner has not made the requisite showing.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Chief United States District Judge

Columbia, South Carolina
February 2, 2012.

**NOTICE OF RIGHT TO APPEAL**

**Petitioner is hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**